IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE RAINEY, SHAWN DEVAUGHN, )
DEWAYNE JONES, KEVIN GARDNER, )
TISHA JENNINGS, ROBIN DIXON, )
DERRILL PRITCHETT, JEFFREY ) Civil Action No. 02-1306
WALLS, CARLOS ZENMON, LONNY )
JOHNSON, JR., DARRELL TAYLOR, ) Judge McVerry
SR., LEE PARHAM, as Laborers, ) Magistrate Judge Caiazza
LARRY ROBINSON, Operating )
Engineer, FARREN MASON, )
Painter, FOREST THOMPKINS, )
DONALD COLES, JR., as )
Carpenters, )
)
       Plaintiffs, )
)
  v. )
)
HOUSING AUTHORITY OF )
PITTSBURGH, )
)
       Defendant. )

## ORDER

The sixteen above-referenced Plaintiffs filed this civil rights action on July 25, 2002, alleging violations of 42 U.S.C. Section 1981, 42 U.S.C. Section 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq*. *See generally* Compl. (Doc. 1). Now before the court is Defendant's Motion for Summary Judgment ("the Defendant's Motion"; Doc. 43).

In support of its motion, the Defendant has submitted a meticulous, thorough, and well-reasoned seventy-three page brief identifying numerous bases for dismissing the Plaintiffs' causes of action. *See generally* Mem. of Law in Supp. of Def.'s Mot. for Summ. J. (Doc. 44; hereinafter cited as "Def.'s Br."). In turn,

Plaintiffs' counsel has submitted an eighteen-page brief that, in the court's view, is critically deficient. *See generally* Resp. in Opp. to Def.'s Mot. for Summ. J. and Mem. of Law in Supp. thereof (Doc. 51; hereinafter cited as "Pls.' Br.") at 11-29. Not only is the Plaintiffs' brief cast in the most general and conclusory terms, but also it completely fails to support its "analysis" with references to either specific facts in the record or relevant legal authority. *See generally id*.

For example, in response to the Defendant's first argument that certain Plaintiffs' claims are barred by the appropriate statute of limitations, the Plaintiffs state:

> With regard to the case of Johnson's Section 1981 case and the Section 1983 case of Johnson, Taylor, Coles, and Jennings, . . . the Continuing Wrong Doctrine tolls the statute of limitations because these Plaintiff [sic] are victims of an uncorrected continuing wrong, a pattern and practice of race discrimination. *See* Exhibit E at ¶¶ 19, 20.

*See* Pls.' Br. at 13. The Plaintiffs then proceed to cite "one of the many cases recognizing the Continuing Wrong Doctrine." The analysis ends there.

The Plaintiffs make no attempt to identify what events constituted the "continuing wrongs" in this alleged pattern of discrimination, or whether the last act fell within the limitations period. *See generally* <u>Rush v. Scott Specialty Gases, Inc.</u>, 113 F.3d 476, 481 (3d Cir. 1997) (to demonstrate a continuing violation, the plaintiff must show both (1) prohibited

conduct demonstrating a "continuing pattern of discrimination" and (2) at least one act within the applicable statute of limitations). Nor does "Exhibit E, ¶¶ 19, 20" – the alleged "evidence" in support of the Plaintiffs' argument – provide further clarification of the Plaintiffs' position. In fact, Exhibit E, paragraphs nineteen and twenty, are two paragraphs in the Plaintiffs' Second Amended Complaint, which state:

> 19.  Housing has a formal policy or a policy through tacit approval of a pattern and practice of race discrimination in employment.
>
> 20.  All allegations herein are amount [sic] to continuing wrongs of race discrimination.

*See* Second Am. Compl. (attached as Ex. E to Doc. 51).[1]

The Defendant's next argument is that four of the Plaintiffs failed to exhaust their administrative remedies. *See generally* Def.'s Br. at 8-11. Plaintiffs' counsel responds that he "agree [sic] with the with the general principal of exhausting administrative remedies . . . [and] is in agreement with the application to [two of the Plaintiffs'] matters." *See* Pls.' Br. at 14. Counsel provides no further explanation, and the court is left to wonder as to how to treat the claims with respect to the

---

[1]  Even if the Second Amended Complaint *did* contain specific allegations as to the facts underpinning the Plaintiffs' arguments, it would be insufficient to withstand summary judgment. See Jones v. Beard, 2005 WL 1995438, *2 (3rd Cir. Aug. 19, 2005)(a "non-moving party cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint; rather, he must point to concrete evidence in the record that supports each and every essential element of his case") (citation omitted).

*other* two Plaintiffs.

In response to the argument that Section 1981 claims cannot brought against a state governmental unit because Section 1983 provides the exclusive remedy for such violations, the Plaintiffs state:

> There is no way that [the] Plaintiff's [sic] claims should be dismissed as suggested by [the] Defendants. The two statutes work hand in hand.  Section 1983 is the mechanism for enforcing federal rights that do not have an explicit mechanism for enforcement.

*See* Pls.' Br. at 14.  The Plaintiffs fail to cite any legal authority in support of its otherwise cryptic response.

The remainder of the Plaintiffs' brief is replete with similar shortcomings.  *See generally* Pls.' Br. at 14-29.

It is counsel's responsibility – not the court's – to develop and articulate meaningful arguments in support of his client's position and to adequately research the relevant case law related thereto.  *See, e.g.,* Africa v. Digulielmo, 2004 WL 2360419, *31 (E.D. Pa. Oct. 20, 2004) ("[A] court will not conduct legal research on behalf of [a party] in order to determine whether there is . . . precedent to support [its] claim[s].  [C]ounsel had t[he] duty to perform that research in the first instance."); Kostenbauder v. Sec'y of Health, Educ. & Welfare, 71 F.R.D. 449, 453 (M.D. Pa. 1976) ("It is the duty of litigants to air fully their positions and to assist the [c]ourt's understanding of a particular question."); *see also,*

-4-

*e.g.,* Auto Owners Ins. Co. v. LA Oasis, Inc., 2005 WL 1313684, *14 (N.D. Ind. May 26, 2005) ("[C]ourts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise fleshing out arguments the parties themselves do not adequately support."). To be sure, to require courts to research and analyze motions without the benefit of proper briefing "would place tremendous and unacceptable demands on the judiciary." *See* Kostenbauder, 71 F.R.D. 449 at 453.

In fact, some courts, when presented with a inadequate response briefs at the summary judgment, have simply dismissed the plaintiff's claims without regard to their merits. *See, e.g.,* Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1198-99 (10th Cir. 2000) (affirming summary judgment of claims where non-movant's response brief "was limited to conclusory statements and was void of cites to specific portions [of the record]"); Tyler v. Runyon, 70 F.3d 459, 465 (7th Cir. 1995) (refusing to review summary judgment record, stating that if a party "fails to make a minimally complete and comprehensible argument for each of his claims, he loses regardless of the merits of those claims as they might have appeared on a fuller presentation.") (citations and internal quotation omitted); Hershinow v. Bonamarte, 735 F.2d 264 (7th Cir. 1984)("[The plaintiff's] final claim . . . is presented in so perfunctory and underdeveloped a manner in his brief that we shall not consider it.") (citations omitted.). As explained

in Mitchell:

> No matter how often they are made to feel the part, [the members of] the district court bench should not be cast in the role of stage director of the litigation drama-forced to prod the actors through rehearsals until the proper performance is achieved. To do so would not only consume an inordinate amount of time, but would result in courts abandoning their neutrality and becoming advocates in the adversarial process. We will not sanction such a transformation.

*See id.* at 1199.

The undersigned finds that dismissing all of the Plaintiffs' claims without further discussion would prove too harsh in a case such as this, where it appears as though at least some of the Plaintiffs may have colorable claims. Nevertheless, the court will not hesitate in taking more drastic measures if Plaintiffs' counsel does not rectify the numerous deficiencies in its current briefing.

To reach a final disposition of the Defendant's Motion, therefore, the undersigned will deny the Plaintiff's Motion without prejudice to refiling[2]; order the Plaintiff to submit a new brief setting forth clear and coherent responses to all of the arguments in the Defendant's brief, with both citations to specific portions of the record and to relevant case law that support its positions; and allow the Defendant an opportunity to respond to the Plaintiffs' brief. *See* Whitson v. Safeskin Corp.,

---

[2] The Defendant need not physically refile its summary judgment motion or supporting documents. Rather, the court will treat the motion as having been refiled as of the date of this Order.

Inc., 313 F.Supp.2d 473, 480 n.9 (M.D. Pa. 2004) (requesting a party to submit a supplemental brief where the party has failed to respond to opposing party's arguments or otherwise identify relevant authority).

AND NOW, on this 23rd day of August, 2005, IT IS HEREBY ORDERED that: the Defendant's Motion for Summary Judgment (Doc. 43) is DENIED without prejudice to refiling; the Plaintiffs shall file a brief consistent with the discussion, *supra*, on or before September 22, 2005; the Defendant shall have until October 7, 2005 to file a response.

*[signature]*
Francis X. Caiazza
U.S. Magistrate Judge

cc:

Erik M. Yurkovich, Esq.
207 Pine Creek Road
Building 1, Suite 201
Wexford, PA 15090

Clare Ann Fitzgerald, Esq.
Housing Authority of the City of Pittsburgh
200 Ross Street, 7th Floor
Pittsburgh, PA 15219

Mark T. Phillis, Esq.
Sidney Zonn, Esq.
Littler Mendelson, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222